# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-225V
Filed: March 20, 2019
UNPUBLISHED

| | |
|---|---|
| ELIZABETH SCHANDEL,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Causation-In-Fact; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.
*Amy Paula Kokot*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

    On February 16, 2016, Elizabeth Schandel ("petitioner" or "Ms. Schandel") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program") "for injuries, including a torn rotator cuff in her right shoulder, resulting from adverse effects of a trivalent influenza vaccination received on October 20, 2011." Petition at 1. Petitioner filed amended petitions on March 20 and June 20, 2018, asserting that she suffered a shoulder injury related to vaccine administration ("SIRVA"), which included a

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

strain/sprain, tendinopathy, and tear of her right rotator cuff, bursitis, and adhesive capsulitis, caused-in-fact by the influenza vaccination she received on October 20, 2011.  (ECF Nos. 52, 57).  The case was assigned to the Special Processing Unit ("SPU").

On November 9, 2018, the undersigned issued a Fact Ruling, finding there is preponderant evidence to establish

> that (1) the record of vaccination is sufficient to establish petitioner received, intramuscularly, the vaccination alleged as causal; (2) there is sufficient other evidence to establish the vaccination was administered in petitioner's right arm; (3) the onset of petitioner's pain occurred within 48 hours, specifically on the day of vaccination; (4) petitioner had no prior problem with her right shoulder/upper arm; and (4) the clinical course of petitioner's injury mirrored what is seen typically in a SIRVA.

Fact Ruling at 2 (ECF No. 67).  Petitioner was ordered to file updated medical records, and respondent was ordered to file his Rule 4 report.  *Id.* at 12.

Respondent has filed his Rule 4 report indicating that, although he "reserves his right to a potential appeal of the Ruling on Facts, particularly with regard to the onset of petitioner's SIRVA,"[3] he recognizes the undersigned's "factual findings are the law of the case . . . [and] advises that he will not defend the case on other grounds during further proceedings."  Rule 4 Report, filed Mar. 5, 2019, at 3 (ECF No. 74).  Specifically, respondent indicates that "[i]n light of the Chief Special Master's factual ruling, and the medical record evidence submitted in this case, DICP has concluded that petitioner's alleged injury is consistent with SIRVA and that it was caused-in-fact by the flu vaccine she received on October 20, 2011."  *Id.* at 6.  Respondent adds that "based on the record as it now stands and subject to his right to appeal the factual ruling, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Additionally, respondent clarifies that he is not waiving "any defenses that [he] may assert in the damages phase."  Rule 4 Report at 6 n.7.